**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**JOEL A. PISANO**<br>JUDGE | Clarkson S. Fisher Building & U.S. Courthouse<br>402 East State Street<br>Trenton, NJ 08608<br>(609) 989-0502 |

May 17, 2007

LETTER OPINION
<u>ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT</u>

Re:   <u>Frank J. Nemia v. Unum Life Insurance Company of America, et al.</u>
      No. 06-4527

Dear Parties,

Presently before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's motion to dismiss is granted.

**I.     Factual and Procedural History**

Plaintiff Frank J. Nemia ("Nemia") was employed by Defendant Ranger Industries, Inc. ("Ranger") from May 1997 through August 31, 1999 as Ranger's Chief Financial Officer. Ranger is the Plan Administrator of a Long Term Disability Corporate Plan.

Nemia claims that beginning in early 1998, he was hospitalized on multiple occasions. He alleges that in January, 1998, he was admitted to Doylestown Hospital for an emergency psychiatric evaluation, that on April 29, 1998, he was admitted to St. Mary's Medical Center for encephalopathy and significant depression, and that he was readmitted to St. Mary's Medical Center on July 29, 1998 for malignant hypertension and renal dysfunction. (Complaint ¶ 9). Plaintiff claims that throughout 1999, Ranger's Director of Human Resources, owner, and other Ranger employees and representatives communicated with Nemia and his family about his cognitive problems, personality changes, hospital stays and ongoing medical treatment. (Complaint ¶ 14). Ranger contends that Nemia informed Ranger that he was having issues with his health, but never informed Ranger as to the full extent of his health issues. Ranger asserts that Nemia never provided Ranger with detailed information regarding the professional medical services he received because of his alleged health problems.

Ranger terminated Nemia's employment on August 31, 1999 due to Nemia's failure to adequately perform his duties. In August of 2000, Nemia submitted a claim for long-term disability benefits. In the course of administering Nemia's claim, Representatives of Defendant Unum Life Insurance Company of America ("Unum") contacted Ranger to inquire about Nemia's job performance and his absences from work in relation to the circumstances of the

claim. A representative of Ranger advised Unum that he had no knowledge that Plaintiff suffered from any medical condition or disability since he was not aware of ever having received any documentation regarding Nemia's medical condition. Ranger claims that it provided Unum with all information in its possession that it could lawfully provide regarding Nemia. On January 8, 2001, Plaintiff received a letter from Unum denying his claim for long-term disability benefits.

Plaintiff filed a complaint in this Court against Unum and Ranger on September 22, 2006.[1] Plaintiff filed an amended complaint on December 29, 2006. In his complaint, Plaintiff alleges that in response to Unum's inquiries, Ranger made certain material representations regarding Plaintiff's medical condition. Ranger filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on February 23, 2007.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, the court must reasonably read the complaint and decide whether the plaintiff has pled a cognizable cause of action entitling her to relief. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In making this determination, a court accepts as true all of the well-pleaded factual allegations within the complaint and any reasonable inferences drawn therefrom. *Hayes v. Gross*, 982 F.2d 104, 105-06 (3d Cir. 1992). However, the court need not consider plaintiff's bald assertions or legal conclusions. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

## III.    Legal Discussion

Plaintiff alleges that Ranger made material misrepresentations regarding Plaintiff's medical condition in response to inquiries from Unum. Specifically, Plaintiff alleges that Ranger "represented to Unum during the time period preceding the termination of Plaintiff's employment, Plaintiff had only been hospitalized on one occasion and that the basis for the hospitalization was insignificant in terms of Plaintiff's job performance, when, in fact, Plaintiff had been hospitalized and received medical treatment on numerous occasions, which treatment was directly related to Plaintiff's poor job performance." (Complaint ¶ 40). Plaintiff claims that Ranger's alleged material misrepresentations regarding Plaintiff's medical conditions directly contributed to the denial of Plaintiff's claim by Unum.

Plaintiff does not specify on what legal basis he brings his cause of action against Ranger. In its moving brief, Ranger suggests that Plaintiff must be relying upon N.J.S.A. 2A:14-2 in

---

[1] Plaintiff and Defendant Unum agreed to the dismissal of Unum without prejudice. The Court signed a Consent Order to this effect on March 12, 2007. Thus, Ranger is the only remaining defendant in this case.

support of his allegations of material misrepresentation by Ranger. (Ranger's Brief at p. 5). In Plaintiff's opposition brief, Plaintiff does not offer any response to this argument. Nor does Plaintiff suggest that this cause of action is brought under any other legal basis. Thus, the Court concludes that Plaintiff brings his cause of action for misrepresentation under N.J.S.A. 2A:14-2.

N.J.S.A. 2A:14-2 provides that "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years . . . after the cause of any such action shall have accrued." In short, N.J.S.A. imposes a two year statute of limitations period on Plaintiff's misrepresentation claim.

It is well established that an affirmative defense such as the expiration of the statute of limitations may provide a basis for dismissal on a Rule 12(b)(6) motion. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Ranger argues that the two year statute of limitations provided by N.J.S.A. 2A:14-2 has expired and that Nemia is thus barred from bringing his misrepresentation claim.[2] The Court agrees. It is clear from Plaintiff's complaint that the alleged misrepresentations regarding Nemia's medical conditions occurred in the fall of 2000. Because the statute of limitations has not been tolled, N.J.S.A. 2A:14-2 requires that Plaintiff bring his claim within two years of the alleged misrepresentations. Plaintiff did not file the instant suit until September 26, 2006, when the statute of limitations had long since expired. Therefore, Defendant Ranger's motion to dismiss Plaintiff's complaint is granted.

IV.     **Conclusion**

In conclusion, the Court grants Defendants' motion to dismiss. An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

---

[2] Plaintiff offers no response to Defendant's argument that the statute of limitations has expired.

3