**NOT FOR PUBLICATION**                                        **CASE CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
FRANK NEMIA,                        :
                                    :
                                    :
         Plaintiff,                 :      Civil Action No. 06-4527 (JAP)
                                    :
    v.                              :      **OPINION**
                                    :
UNUM LIFE INSURANCE CO. OF          :
AMERICA d/b/a UNUM PROVIDENT        :
and RANGER INDUSTRIES, INC.         :
                                    :
                                    :
         Defendants.                :
_____:

Presently before the Court is Plaintiff, Frank Nemia's ("Plaintiff") motion for reconsideration of the Court's May 17, 2007 decision to dismiss Plaintiff's complaint for failure to bring a claim within the required statue of limitations. Defendant, Ranger Industries, Inc. ("Ranger") opposes Plaintiff's motion. For the reasons expressed below, Plaintiff's motion is denied.

**I.      Background**

On September 22, 2006, Plaintiff filed his original complaint against Defendant, UNUM Life Insurance Company of America ("UNUM") and Ranger (collectively, "Defendants"). Plaintiff then filed an amended complaint ("Complaint") against Defendants on December 29,

1

2006.  Plaintiff's first count alleged UNUM wrongfully denied him long-term disability benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et al. ("ERISA").  The second count of the Complaint alleged that Ranger made "material misrepresentations" to UNUM concerning Plaintiff's disability and ability to work, which UNUM relied on to deny Plaintiff disability coverage.

Plaintiff and the Defendants agreed to dismiss UNUM without prejudice on March 12, 2007.  Ranger then moved to dismiss Count 2, arguing that Plaintiff failed to specify any information regarding the alleged misrepresentations and any legal basis upon which Plaintiff was bringing his claim.  Ranger argued that under N.J.S.A. 2A:14-2, a two year statute of limitations applies to Plaintiff's misrepresentation claim.  In his reply, Plaintiff failed to address the statute of limitations at all and, again, failed to specify the legal basis for his claim against Ranger.  On May 17, 2007, the Court granted Ranger's motion and dismissed the Complaint, finding that N.J.S.A.2A-:14-2 applied and the two year statute of limitation for bringing a misrepresentation claim had expired.

On May 29, 2007, Plaintiff filed a motion for leave to file a second amended complaint.  Plaintiff also moved to have the Court reconsider its May 17, 2007 Order "in the interests of justice."  Plaintiff acknowledges that "while [he] did not state in express terms that N.J.S.A. 2A:14-2 was not applicable" in his original reply brief, Plaintiff claims he attempted to explain to the Court that Plaintiff's injuries were not to his person but, instead, "a loss of entitlement to contractually defined insurance benefits based on Ranger's misrepresentations."  Plaintiff contends that N.J.S.A. 2A:14-1 applies and urges the Court to look at the nature of the injury to Plaintiff's person or property to determine whether the six year statute on contractual claims or

the two year statute on personal injury claims applied. Plaintiff asserts that because he is entitled to claim his benefits pursuant to an insurance contract and there was tortious interference with that contract, the six year statute of limitations applies. Additionally, Plaintiff argues that his claim is brought pursuant to Sections 502(a)(1)(B) and (g)(1) of ERISA, which also have six year statute of limitations.

Ranger opposes Plaintiff's motion on the grounds that it is "nothing more than an attempt at a 'second bite of the apple.'" Ranger disputes Plaintiff's ERISA claim noting that Plaintiff failed to cite this law in his complaint or in his opposition to Ranger's motion to dismiss, and only now is Plaintiff relying on facts that were available to him when he originally filed his action. Moreover, Ranger argues that Plaintiff neglected to raise the ERISA claim in either of his first two complaints, and Plaintiff has not established the elements of tortious interference.

The Court heard oral arguments on September 4, 2007, and requested Plaintiff submit further briefing on the issue of the applicable statute of limitations, which Plaintiff submitted on September 21, 2007. Plaintiff now claims that with respect to his claim of misrepresentation, under New Jersey law, a six year state of limitation for fraud applies and begins to run when Plaintiff knew or should have known about the misrepresentation. Plaintiff contends that he was unaware of Ranger's misrepresentations to UNUM until August 7, 2006 and, therefore, the statute of limitations runs until August 7, 2012. Plaintiff also argues that the statute of limitations should be tolled for thirteen months as a result of the multi-state settlement claim reassessment process, and argues that there is six year statute of limitations for negligent misrepresentation pursuant to N.J.S.A. 2A:14-1.

With respect to Plaintiff's denial of ERISA benefits, Plaintiff believes the Court should

apply New Jersey's six year statute of limitations for contracts.  Plaintiff cites that in *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516 (3d Cir. 2007), the Court of Appeals indicated a six year statute of limitations generally applies in the absence of a reasonable, agreed-upon limitations period within the ERISA plan.  Plaintiff, however, concedes that the UNUM policy contains a three year statute of limitations and does not contest the reasonableness of the time period.  Further, with respect to Plaintiff's fiduciary causes of action under ERISA, Plaintiff contends that pursuant to 29 U.S.C. § 1113, a limitation period of the shorter of six years from the date of the last action constituting a breach or three years from the date Plaintiff gained knowledge about the breach applies.

**II.    Discussion**

The Court does not view Plaintiff's motion as one for reconsideration.  Rather, it appears to the Court that Plaintiff's motion is nothing more than an attempt to correct an oversight and raise a claim that should have been pled in the original complaint.   Nevertheless, the Court will analyze Plaintiff's motion as one for reconsideration.

Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order.  L. Civ. R. 7.1(i).  Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See, e.g., Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); *Brackett v. Ashcroft*, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

Plaintiff's motion to reconsider raises no new issues of fact or law, fails to argue that the Court has overlooked a controlling issue, and is nothing more than a request to argue facts and evidence previously established, but not argued. Count 1 of Plaintiff's complaint entitled "ERISA" did not reference Ranger, which Ranger cited in its motion for summary judgment and went unchallenged in Plaintiff's opposition brief. Even if the Court were to accept Plaintiff's assertion that Count 2 incorporated Count 1, Plaintiff failed to address how the agreed upon limitation period embodied in the ERISA documents was an unreasonable limitation. Moreover, Plaintiff failed to cite the relevant law he was bringing his Count 2 under, even after Ranger noted this omission in its summary judgment motion. Plaintiff's motion for reconsideration is nothing more than an attempt to replead the same facts and evidence that were available to him when he initially commenced his action. Plaintiff had a full and fair opportunity to litigate all possible causes of action and any related issues when he filed his original motion and reply briefs. Further, because the Court finds no reason to reconsider its May 17, 2007 Order, Plaintiff's motion for leave to file an Amended Complaint is moot.

/s/ JOEL A. PISANO
United States District Judge